**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ELIZABETH BATCHELOR, *individually, and on behalf of all others similarly situated,*** <br> **Plaintiff,** <br> **v.** <br> **FBCS, INC., and JEFFERSON CAPITAL SYSTEMS, LLC,** <br> **Defendants.** | **Case No.:** <br> **CLASS ACTION COMPLAINT** <br> **JURY TRIAL DEMANDED** |

Plaintiff Elizabeth Batchelor, individually, and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendants FBCS, Inc. and Jefferson Capital Systems, LLC, as follows:

**INTRODUCTION**

1. This is an action to recover damages for negligence and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

2. In 1977, Congress enacted the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 USC §§ 1692 *et seq.*, in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) and (c).

3. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.*, § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who failed to comply with the Act. *Id.*, § 1692k.

4. In determining whether a collection letter violates the FDCPA, courts in the Third Circuit apply the "least sophisticated consumer standard." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 418 (3d Cir. 2015). The standard is an objective one, meaning the specific consumer need not prove that she was actually confused or misled. See *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 103 (1st Cir. 2014) ("[T]he FDCPA does not require that a plaintiff actually be confused.").

5. The FDCPA does not ordinarily require proof of an intentional violation, and is considered a strict liability statute, whereby a single violation is sufficient to establish civil liability against a debt collector.

**JURISDICTION AND VENUE**

6. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d).

7. This court has jurisdiction over defendants FBCS, Inc. and Jefferson Capital Systems, LLC because defendants regularly conduct and transact business in this state, and the conduct complained of herein occurred in this Judicial District.

8. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because defendant FBCS, Inc. is located in this Judicial District and a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

9. Plaintiff Elizabeth Batchelor ("Plaintiff") is a natural person who is a citizen of the State of Florida, residing in Port Saint Lucie, St. Lucie County, Florida.

10. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

11. Defendant, FBCS, Inc. ("FBCS") is a company existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Hatboro, Pennsylvania.

12. FBCS has transacted business within this Commonwealth as is more fully set forth hereinafter in this Complaint.

13. FBCS regularly collects or attempts to collect debts asserted to be owed to others.

14. FBCS is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

15. The principal purpose of FBCS's business is the collection of such debts.

16. FBCS uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

17. FBCS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

18. Defendant, Jefferson Capital Systems, LLC ("JCAP") is a company existing under the laws of the State of Georgia, with its principal place of business in Saint Cloud, Minnesota.

19. JCAP has transacted business within this Commonwealth as is more fully set forth hereinafter in this Complaint.

20. JCAP regularly collects or attempts to collect debts asserted to be owed to others.

21. JCAP is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

22. The principal purpose of JCAP's business is the collection of such debts.

23. JCAP uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

24. JCAP is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

25. FBCS and JCAP hereinafter are collectively referred to as the "Defendants."

## FACTUAL ALLEGATIONS

26. Defendants allege Plaintiff owes a debt to JCAP for a personal account with Consumer Portfolio Services, Inc.

27. Defendants assert Consumer Portfolio Services, Inc. sold, transferred, and/or assigned the alleged debt to JCAP for purposes of collection.

28. Thereafter, on an exact date known only to JCAP and FBCS, the alleged debt was transferred, assigned, or otherwise placed with FBCS for the purposes of collection.

29. As part of its utilization of FBCS, JCAP conveyed information concerning Plaintiff and the alleged debt to FBCS by electronic means.

30. The information conveyed by JCAP to FBCS, which, upon information and belief, was viewed by employees of FBCS, contained Plaintiff's personal and private information including personal identifying data, among other things.

31. During the period of time that Plaintiff's information was conveyed to FBCS by JCAP, FBCS was exposed to a data breach which impacted millions of consumers.

32. The compromised data included names, dates of birth, Social Security numbers and driver's license numbers, as well as medical claims information, provider information, and clinical information, and/or health insurance information.

33. In fact, thereafter, FBCS, provided access to its systems to a third-party computer forensics company, which presumably included access to consumers' information, such as

Plaintiff's personal and private information.

34. JCAP negligently conveys consumers' personal and private information to third parties without obtaining the consumer's prior consent.

35. JCAP's failure to perform due diligence of and monitor the third parties it conveys consumer information to amounts to an intentional or negligent disregard of the privacy and protection of consumers' personal and private information.

36. JCAP is liable for conveying consumer data to FBCS without obtaining prior consent from the consumer, the failure of FBCS to secure consumers' data that JCAP previously conveyed to FBCS, and the subsequent security breach at FBCS which exposed consumer's data.

37. Nevertheless, in its efforts to collect the money, FBCS decided to contact Plaintiff by letter.

38. That letter, dated February 6, 2024, was received and read by Plaintiff.

39. At the time of the letter, the alleged debt was time-barred.

40. The letter offered Plaintiff an option to pay 20% of the balance to resolve the alleged debt.

41. Then, underneath the signature block and mini-Miranda, the letter stated, "The law limits how long you can be sued on a debt. Because of the age of your debt, our client cannot sue you for it."

42. However, the letter makes no reference as to the impact of making a partial payment on the alleged debt.

43. In fact, under Florida law, an acknowledgment of, or promise to pay, a debt barred by a statute of limitations in writing and signed by the person sought to be charged can revive the legal statute of limitations. See Fla. Stat. Ann. § 95.04.

44. The acts of Defendants as described in this Complaint were performed by Defendants or on Defendants' behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to Defendants in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

45. Defendants' conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendants' conduct.

46. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will continue to use abusive, deceptive, unfair, and unlawful means in their attempts to collect the alleged debt and other alleged debts.

47. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff further unwarranted economic harm.

48. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff further unwarranted harm to Plaintiff's credit rating.

49. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff to be sued.

50. A favorable decision herein would serve to deter Defendants from further similar conduct.

51. A favorable decision herein would serve to deter Defendants from further similar conduct.

## FIRST COUNT
## Violation of 15 U.S.C. §§ 1692c(b) and 1692f

52. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

53. The Plaintiff is a "consumer" as that term defined by the FDCPA.

54. FBCS is a “debt collector” as that term is defined by the FDCPA.

55. JCAP is a “debt collector” as that term is defined by the FDCPA.

56. The money sought from Plaintiff is a “debt” as that term is defined by the FDCPA.

57. The letter is a “communication” as that term is defined by the FDCPA.

58. The actions described herein constitute “an attempt to collect a debt” or “were taken in connection with an attempt to collect a debt” within the meaning of the FDCPA.

59. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, “a debt collector may not communicate, in connection with the collection of any debt,” with anyone other than the consumer “without the prior consent of the consumer given directly to the debt collector.”

60. The third-party debt collector does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

61. JCAP’s conveyance of Plaintiff’s personal and private information to FBCS is a “communication” as that term is defined by the FDCPA.

62. Plaintiff never consented to JCAP’ communication with the third-party concerning the alleged debt.

63. Plaintiff never consented to JCAP’ communication with the third-party concerning Plaintiff’s personal and/or confidential information.

64. Plaintiff never consented to JCAP’s communication with FBCS concerning Plaintiff’s personal and/or confidential information.

65. Plaintiff never consented to JCAP’s communication with anyone concerning the alleged debt or concerning Plaintiff’s personal and/or confidential information.

66. Upon information and belief, JCAP have utilized a third-party for these purposes thousands of times.

67. JCAP utilize a third-party in this regard for the sole purpose of maximizing its profits.

68. JCAP utilize a third-party without regard to the propriety and privacy of the information which it discloses to such third-party.

69. JCAP utilize a third-party with reckless disregard for the harm to Plaintiff and other consumers that could result from JCAP's unauthorized disclosure of such private and sensitive information.

70. JCAP utilize a third-party with reckless disregard for Plaintiff's right to privacy.

71. JCAP utilize a third-party with reckless disregard for Plaintiff's right against public disclosure of Plaintiff's private facts.

72. JCAP violated 15 U.S.C. § 1692c(b) when each disclosed information about Plaintiff's alleged debt to the third-party.

73. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

74. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

75. JCAP each disclosed Plaintiff's private and sensitive information to a third-party.

76. JCAP violated 15 U.S.C. § 1692f when each disclosed Plaintiff's private and sensitive information to the third-party.

77. As relevant here, Congress enacted the FDCPA upon finding that existing laws and procedures for redressing invasions of individual privacy during the debt collection process were inadequate to protect consumers. 15 U.S.C. § 1692(a)-(b).

78. Specifically, Congress sought to protect consumers from communications by debt collectors to third parties. See S. Rep. No. 95-382, at 4 (1977) reprinted in U.S.C.C.A.N. 1695, 1698.

79. As such, a violation of Section 1692c(b) has a close relationship to an invasion of privacy.

80. A violation of Section 1692c(b) is an invasion of privacy.

81. As described herein, JCAP violated Section 1692c(b).

82. As described herein, JCAP invaded Plaintiff's privacy.

83. A violation of Section 1692c(b) also has a close relationship to a public disclosure of private facts.

84. A violation of Section 1692c(b) is a public disclosure of private facts.

85. As described herein, JCAP violated Section 1692c(b).

86. As described herein, JCAP publicly disclosed Plaintiff's private facts.

87. For the foregoing reasons, JCAP violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

**SECOND COUNT**
**Violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), and 1692e(10)**

88. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

89. The Plaintiff is a "consumer" as that term defined by the FDCPA.

90. FBCS is a "debt collector" as that term is defined by the FDCPA.

91. JCAP is a "debt collector" as that term is defined by the FDCPA.

92. The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

93. The letter is a "communication" as that term is defined by the FDCPA.

94. The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

95. 15 U.S.C. § 1692d provides, generally, that a debt collector may not engage in conduct the natural consequence of which is to harass, abuse, and/or oppress.

96. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

97. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

98. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

99. Defendants violated the FDCPA by failing to provide a warning of the impact and risk of making a partial payment on the alleged debt.

100. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), and 1692e(10) and are liable to Plaintiff therefor.

## THIRD COUNT
## NEGLIGENCE

101. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

102. Violation of a statute that imposes a duty of care constitutes negligence per se.

103. JCAP owed Plaintiff a duty, or obligation, recognized by law.

104. The FDCPA creates a standard of care because they were designed to protect consumers like Plaintiff from the type of harm which occurred here and they provide for a private right of action.

105. Plaintiff is within the class of persons protected by the FDCPA.

106. JCAP's conduct violated the FDCPA, and therefore breached the duty imposed by the statutory standard and constitutes negligence per se.

107. Independent of the FDCPA creditors and debt collectors owe debtors a duty of reasonable care in the collection of debts.

108. JCAP owed a duty to Plaintiff to exercise reasonable care in its attempts to collect money from Plaintiff.

109. JCAP owed a duty to Plaintiff to exercise reasonable care in its handling and maintenance of Plaintiff's personal and private information.

110. JCAP owed a duty to Plaintiff to exercise reasonable care in keeping Plaintiff's personal information private and to not disclose Plaintiff's personal and private information to third parties.

111. JCAP owed a duty to Plaintiff to not put at risk the privacy of Plaintiff's personal and private information.

112. JCAP owed a duty to Plaintiff to not expose Plaintiff to the risk of identity theft through the disclosure of Plaintiff's personal and private information.

113. JCAP breached these duties by not performing its attempted collection of Plaintiff's alleged debt with reasonable care, by sharing Plaintiff's personal and private information with third parties without Plaintiff's consent, by sharing Plaintiff's personal and private information with third parties without ensuring the security of such information, and by sharing Plaintiff's personal and private information with third parties without ensuring that such third parties had procedures and/or policies in place to secure Plaintiff's personal and private information.

114. As a direct and proximate result of JCAP's negligence, Plaintiff suffered

compensable harm and is entitled to recover actual, treble, exemplary, and punitive damages.

## CLASS ALLEGATIONS

115. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated nationwide.

116. Plaintiff seeks to certify classes of:

i. All individuals where JCAP sent information concerning the individual and/or individual's alleged debt, as defined by the FDCPA, to FBCS without obtaining the prior consent of the individual, which disclosure was made on or after a date one year prior to the filing of this action to the present.

ii. All individuals where JCAP sent information concerning the individual and/or individual's alleged debt, as defined by the FDCPA, to FBCS without obtaining the prior consent of the individual which was part of any FBCS data security breach, which disclosure was made on or after a date one year prior to the filing of this action to the present.

117. This action seeks a finding that JCAP's conduct violates the FDCPA, and asks that the Court award damages as authorized by those statutes.

118. The Class consists of more than thirty-five persons.

119. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

120. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the

Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. JCAP has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

121. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because JCAP's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

122. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

c. Finding Defendants' actions violate the FDCPA; and

d. Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

e. Actual, treble, exemplary, and punitive damages on Plaintiff's negligence causes of action

f. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

g. Awarding the costs of this action to Plaintiff; and

h. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

i. Such other and further relief that the Court determines is just and proper.

Dated: August 27, 2024

**GARIBIAN LAW OFFICES, P.C.**

By: Antranig Garibian, Esq. (PA Bar No. 94538)
261 Old York Rd. Unit 427
Jenkintown, PA 19046
215-326-9179
ag@garibianlaw.com
*Attorney for Plaintiff, Elizabeth Batchelor*